# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Aiyetoro Aheen Holmes, | Civ. No. 20-SC-1316 (NEB/BRT) |
| Plaintiff, | |
| v. | *SEALED* |
| Timothy Mulrooney and Patrick Robbin, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Aiyetoro Aheen Holmes did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Holmes qualifies financially for IFP status. That said, an IFP application may be denied and an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative

level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This litigation arises out of child-custody proceedings in state court.[1] Holmes raises several allegations related to those state-court proceedings, including that (1) service of process was inadequately effected; (2) the minor child was wrongfully removed from her custody; and (3) that she was injected with narcotics on order of the court.[2] Based on those allegations, Holmes requests that this Court declare that the state courts lacked jurisdiction over the proceedings at issue and that she be awarded monetary damages.

---

[1] Upon filing her Complaint, Holmes requested that this matter be sealed from the public. After review of the Complaint and accompanying documents, this Court concludes that the complete sealing of this matter is unnecessary to protect the privacy interests of the relevant parties and unduly interferes with the public's interest in access to the docket. Accordingly, it is recommended below that this matter be unsealed. That said, because the name of Holmes's minor child has been included in the Complaint (Doc. No. 1), an exhibit to the Complaint (Doc. No. 1-1), Holmes's application to proceed *in forma pauperis* (Doc. No. 2), and a further statement of Holmes (Doc. No. 3), it is recommended that those documents remain restricted, with access granted only to the Court and to the parties to this action.

[2] Holmes has previously "been civilly committed by the State of Minnesota for reason of mental illness." *Holmes v. Remark*, No. 18-CV-0155 (PJS/SER), 2018 WL 1720922, at *1 (D. Minn. Mar. 15, 2018). Although not entirely clear from the Complaint, the alleged injection of narcotics seems to have occurred within the context of those proceedings.

With respect to the first request (that this Court declare that the state-court proceedings were invalid), the *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This Court does not sit in appellate judgment of the state courts and lacks jurisdiction to review the final decisions of the state courts. Moreover, to the extent that the state-court matters remain ongoing and Holmes seeks "federal interference in the state custody proceedings, including reversal of any judicial decisions that are beyond *Rooker-Feldman*'s strictures, those claims are subject to dismissal under the *Younger* abstention doctrine." *Carlson v. County of Ramsey, Minnesota*, No. 16-CV-0765 (SRN/BRT), 2016 WL 3352196, at *6 (D. Minn. June 15, 2016) (collecting cases).

With respect to the second request (that the Court award monetary damages), judicial immunity precludes relief. Both Defendants named to this action have been sued on account of their roles as judges during the state-court proceedings at issue. "A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). This judicial immunity is overcome only for actions taken outside the judge's judicial capacity or where a judge acts in the complete absence of all jurisdiction. *Id*. at 11–12. Neither circumstance applies here. Each of the actions by the Defendants complained of by Holmes in her Complaint was undertaken within the context of state-court litigation;

3

regardless of whether those actions were right or wrong, they were judicial actions. Moreover, there is no reason to believe from the Complaint that the judicial actions of the Defendants were taken in the complete absence of all jurisdiction. Holmes cannot sue the judges who presided over her proceedings for monetary damages due to actions taken during those proceedings.

For all these reasons, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. The application to proceed *in forma pauperis* of Plaintiff Aiyetoro Aheen Holmes (Doc. No. 2) be **DENIED**;

3. This matter be **UNSEALED**; and

4. Access to the Complaint (Doc. No. 1), exhibit to the Complaint (Doc. No. 1-1), application to proceed *in forma pauperis* (Doc. No. 2), and statement of Holmes (Doc. No. 3) be restricted to only the Court and the parties to this action.

Dated: December 4, 2020         *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).